NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

V & H INDUSTRIES, INC., Respondent.

Nos. 69, 70, Dockets 34645, 34646.

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1970.

Decided Oct. 21, 1970.

Joseph E. Mayer, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel,

**10**

Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert A. Giannasi, Atty., N. L. R. B., on the brief), for petitioner.

Jeremy V. Cohen, Buffalo, N. Y. (Genuino J. Grande, Flaherty & Cohen, Cohen, Lombardo, Blewett, Fisher & Hite, Buffalo, N. Y., on the brief), for respondent.

Before DANAHER,* FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its orders requiring respondent V & H Industries, Inc. to cease and desist from certain unfair labor practices, to reinstate with back pay employees William Bieniek, Norman Kwasniewski, James Borowik and Allen Schmidt who were discriminatorily laid off, to reinstate with back pay employee Rita Kwasniewski who the Board found was not returned to work because of her testimony before the Board, and to bargain with the Union (International Union of Electrical, Radio and Machine Workers) upon request.

The Board's findings that the Employer violated Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), by threatening its employees with reprisals for engaging in union activities, are supported by substantial evidence on the record as a whole, as are the findings that four employees were laid off in violation of Section 8(a) (3) and 8(a) (1) for union activity and another employee was refused reinstatement in violation of Section 8(a) (4) and 8(a) (1) because of her testimony at a Board hearing.

There is also substantial evidence on the record as a whole to support the Board's finding that the Employer violated Section 8(a) (5) and 8(a) (1) by refusing to recognize and bargain with the Union.

The Employer's unfair labor practices justify the Board in imposing a bargaining order. N.L.R.B. v. Gissel Packing Co., Inc., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). Under the *Gissel* case the choice of an appropriate remedy is entrusted largely to the Board's expertise. N.L.R.B. v. Gissel Packing Co., Inc., *supra* at n. 32. The Board made the required finding that a fair election was not possible and no reason is advanced which would authorize us to reject that finding.

Order enforced.